# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY M. PLEGER,<br><br>                              Plaintiff,<br>  vs.<br>WELLS FARGO BANK, N.A., *et al.*<br><br>                            Defendants. | CASE NO. 15cv2000-LAB (JLB)<br><br>**ORDER OF DISMISSAL** |

On September 16, Defendant Wells Fargo Bank, N.A. moved to dismiss the second amended complaint with prejudice, for failure to state a claim. Along with the notice of motion, Wells Fargo filed proof of service showing that Plaintiff Judy Pleger's counsel of record had been served with a copy of the motion.

The notice of motion gave the hearing date as Monday, November 9, 2015 at 11:15 a.m. Under Civil Local Rule 7.1(e)(2), the opposition was due two weeks before that date, *i.e.*, Monday, October 26. But Pleger's counsel has not filed any opposition, nor sought an extension of time to do so, nor filed anything else at all. Under Civil Local Rule 7.1(f)(3)(c), failure to file an opposition when due may constitute consent to the motion's being granted.

**Jurisdiction**

Before reaching the merits, the Court must confirm its own jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). Wells Fargo invoked diversity jurisdiction, even though its co-defendant, Cal-Western Reconveyance LLC, N.A.,

was not diverse. It argued that Cal-Western was a nominal Defendant only, and that as such, its citizenship could be ignored when determining diversity. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (holding that the citizenship of nominal or formal parties is to be disregarded when determining diversity jurisdiction).

Although Cal-Western is named as a Defendant to all claims, no allegations are made against it that would give rise to any claims. Cal-Western's only alleged role in the dispute was as trustee under a deed of trust, and its only specific action giving rise to Pleger's claims was that its agent recorded a notice of default and notice of trustee's sale (Compl., ¶¶ 17–18, 20.) Pleger's claims arise primarily under the California Homeowners Bill of Rights. But the sections referenced create communication requirements by the loan servicer. In fact, § 2924(b) says that a trustee cannot be liable for any good faith reliance on the information provided to it. There are no facts alleging error in the recording, error in the loan amount in the note administered by Cal-Western, or any actions by Cal-Western in violation of the causes of actions raised. The remainder of the allegations, though often referring to Defendants generally, do not appear to apply to Cal-Western.

The Court therefore concludes that Cal-Western is a nominal Defendant only, and that its citizenship should be disregarded. With that decided, the parties are diverse and the Court can exercise jurisdiction over this action.

**Effect of Failure to File Opposition**

Before dismissing, the Court considers the factors set forth in *Ghazli v. Moran*, 46 F.3d 52, 53 (1995). In view of Pleger's apparent lack of interest in pursuing her claims, the factors are all either neutral or weigh against her. This case is not particularly old; nevertheless, the public has an interest in seeing it resolved. At issue here is residential property whose title is clouded. Public policy disfavors allowing such clouds to linger needlessly. *See Slintak v. Buckeye Retirement Co., LLC, Ltd.*, 139 Cal. App. 4th 575, 584, 587 (Cal. App. 2 Dist. 2006) (holding that allowing a notice of *lis pendens* to cloud a title indefinitely would impede the purposes of California's Marketable Record Title Act, which was intended to make property more freely marketable).

Similarly, the Court's need to manage its docket weighs in favor of dismissal. There is no reason to allow this case to linger on the docket, and the Court can do little to move it along if Pleger herself is uninterested in litigating it.

For reasons pointed out in the motion to dismiss, it appears Pleger has a weak case. Her chief claim is that she was denied a loan modification. But no law, state or federal, entitles her to one. It may be that she has or can plead a viable claim, but if so it is not clear what it is. It therefore appears the risk of prejudice to Pleger is minimal.

The public policy favoring disposition of cases on their merits generally disfavors dismissal for failure to comply with briefing requirements. But here, there is no indication that Pleger is trying to comply, or even still wants to pursue her claims. Finally, it does not appear there are any less drastic options open to the Court, other than possibly giving Pleger more time to oppose the motion. But because she has not asked for it, it does not appear this would make any real difference. These factors are either neutral or weigh in favor of dismissal.

Weighing the five factors, the Court finds dismissal is appropriate.

**Conclusion and Order**

For these reasons, Wells Fargo's unopposed motion to dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED**.

DATED: November 9, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge